UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BERNARDO FIGUEROA

v. C. A. NO. 03-186 ML

JOSEPH A. DI NITTO

**DEFENDANTS' MOTION TO DISMISS**

Now come the Defendants in the above-entitled matter and hereby move to Dismiss Plaintiff's complaint, pursuant to F.R.C.P. 41(b), for failure to prosecute, as and for the reasons proffered in the accompanying memorandum.

DEFENDANT,
By His Attorney,

Michael B. Grant
Deputy Chief Legal Counsel
R. I. Department of Corrections
40 Howard Avenue
Cranston, Rhode Island 02920
Bar No. 3864

MEMORANDUM

The undersigned hereby certifies that on this, the ~~20~~ 26th of May, 2005, I mailed a true copy of the within Defendants' Motion and accompanying Memorandum to Bernardo Figueroa, #272332, Red Onion State Prison, P. O. Box 970, Pound, Virginia 24279.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BERNARDO FIGUEROA

v. C. A. NO. 03-186 ML

JOSEPH A. DI NITTO

**MEMORANDUM**

The instant matter was placed on This Honorable Court's May trial calendar. Plaintiff has indicated to this Court and to the undersigned that he would provide Defendants with the costs incident to his transport from his place of confinement in Virginia to Rhode Island for trial, and his subsequent return to Virginia. Counsel for Defendants spoke with Plaintiff on April 18, 2005. During this conversation the undersigned informed Plaintiff that transport costs totaled Five Thousand Five Hundred $5,500.00 Dollars. Plaintiff during the conversation provided the undersigned with the phone number of a relative, namely "Oscar", who would be forwarding the above stated sum to the Department. Later on the same day the undersigned spoke to Oscar informing him of the required $5,500.00 cost and that Defendants would need receipt of said sum in three (3) weeks; Oscar indicated he would be in communication with Plaintiff's family regarding payment of said transport costs. Several days later, Oscar did call the undersigned requesting that the costs for transport be reduced, however said request was denied. The undersigned, on May 19, 2005, again contacted Oscar who indicated that Plaintiff's family did not have the full amount necessary for Plaintiff's transport. Thus, defendants never received the required transport costs.

Plaintiff has brought the instant action pursuant to 42 U.S.C. § 1983. This matter was placed on this Court's February trial calendar. On two occasions this Honorable Court has granted Plaintiff's requests to continue empanelment and trial from February to May 2005. This matter was set down for empanelment on May 17, 2005. Plaintiff failed to appear and failed to make arrangements to pay Defendants for his transport costs. Although requested, Plaintiff has cited no authority relative to the imposition of transport costs on Defendants. This Court in **Manning v. Tefft**, 839 F. Supp. 126 (D.R.I. 1994) declined to require a pro se prisoner plaintiff to be transported from his out-of-state place of incarceration to Rhode Island for jury impanelment and trial without charge. This Court in **Manning** held that pursuant to 28 U.S.C. §§ 1915 and 2241 and upon the Constitution, there was no requirement that an indigent pro se prisoner has a right to be transported to trial and the costs of the same to be borne by the state; that a pro se prisoner is identically situated as other out-of-state plaintiffs who are required to come to the state of Rhode Island for trial. This Honorable Court held that "generally speaking, a prisoner who is a plaintiff in a civil case must bear the costs of transporting himself to the place of trial and is not entitled to have that cost paid by the government." Id. at 130. Although this Court did note a possible exception where the plaintiff/prisoner was caused to be transferred to an out-of-state facility by the defendants in order to prevent him from pursuing his claim. However, that is not the case here. On October 29, 1998, Plaintiff and the instant Defendants, in **Figueroa v. Vose**, **C. A. No. 97-547 H**, entered into a stipulation wherein Plaintiff would be given "first priority relative to his transfer out of state to a confinement facility situated outside of the New England area."

Accordingly, Defendants urge that This Honorable Court grant it's motion to Dismiss with prejudice for failure to prosecute in having failed to appear before this Honorable Court for empanelment on May 17, 2005.

Respectfully submitted,

Michael B. Grant
Deputy Chief Legal Counsel
R. I. Department of Corrections
40 Howard Avenue
Cranston, Rhode Island 02920
Bar No. 3864