UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BERNARDO FIGUEROA

v.                                                    C.A. No. 03-186ML

JOSEPH DINITTO, et al.

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss made pursuant to Rule

41(b) of the Federal Rules of Civil Procedure. For the reasons discussed below, the motion is

granted.

### I. BACKGROUND

Plaintiff Bernardo Figueroa is an inmate in the custody of the Rhode Island Department

of Corrections ("RIDOC"). As a result of a negotiated settlement of another lawsuit filed by

Plaintiff against RIDOC, Plaintiff presently resides in a correctional facility in Virginia.[1] On

---

[1] On October 29, 1998, Plaintiff and various RIDOC officials entered into a stipulation
wherein Plaintiff would be given "first priority to his transfer out of state to a confinement
facility situated outside of the New England area." Figueroa v. Vose, C.A. No. 97-547H (D.R.I.
filed Sept. 23, 1997).

In addition, Plaintiff has a long history of filing complaints against various RIDOC
officials in this Court. See, e.g., Figueroa v. Wall, C.A. No. 05-185S (D.R.I. filed June 10,
2005); Figueroa v. Wall, C.A. No. 04-358ML (D.R.I. filed Aug. 20, 2004); Figueroa v. Wall,
C.A. No. 02-323S (D.R.I. filed July 22, 2002); Figueroa v. DiNitto, C.A. No. 01-137T (D.R.I.
filed Mar. 23, 2001); Figueroa v. Wall, C.A. No. 00-055ML (D.R.I. filed Feb. 9, 2000); Figueroa
v. Vose, C.A. No. 99-368ML (D.R.I. filed Aug. 2, 1999); Figueroa v. Vose, C.A. No. 99-160ML
(D.R.I. filed Mar. 31, 1999); Figueroa v. Vose, C.A. No. 98-572T (D.R.I. filed Nov. 30, 1998);
Figueroa v. Vose, C.A. No. 98-556RWL (D.R.I. filed Nov. 12, 1998); Figueroa v. Johnson, C.A.

1

May 15, 2003, Plaintiff filed this *pro se* complaint pursuant to 42 U.S.C. §1983 against

Defendants Joseph A. DiNitto, Associate Director of RIDOC, Ashbel T. Wall, Director of

RIDOC, and P. Jenson, the law librarian at RIDOC.  In his complaint, Plaintiff alleges that the

conditions of his confinement at the Virginia facilities are "inhumane."  Plaintiff seeks to hold

Defendants responsible for the conditions of his confinement because they have refused to

relocate him to another prison.  Plaintiff has claimed his right to a jury trial on these claims.

On September 30, 2004, Plaintiff petitioned the Court to issue a writ of habeas corpus

requiring Defendants to transport him from the Virginia correctional facility to the federal

courthouse in Rhode Island for jury impanelment and trial in this matter.  Plaintiff asserted that

he was not able to pay the expenses associated with such transportation.  The Court denied the

motion, but granted Plaintiff ninety days to determine whether he would provide his own

transportation costs in order to attend trial in Rhode Island, obtain a volunteer lawyer to help him

with his case, and/or consider waiving his right to a jury trial so that the Court could conduct his

trial over the telephone.

Jury impanelment was originally scheduled for February 15, 2005.  By letter dated

_____

No. 98-351ML (D.R.I. filed July 6, 1998); Figueroa v. Vose, C.A. No. 98-169ML (D.R.I. filed
Mar. 30, 1998); Figueroa v. Vose, C.A. No. 98-001L (D.R.I. filed Jan. 2, 1998); Figueroa v.
Vose, C.A. No. 97-693ML (D.R.I. filed Dec. 12, 1997); Figueroa v. Vose, C.A. No. 97-547JH
(D.R.I. filed Sept. 23, 1997); Figueroa v. Vose, C.A. No. 94-361T (D.R.I. filed July 8, 1994);
Figueroa v. Vose, C.A. No. 94-349L-TMB (D.R.I. filed July 5, 1994); Figueroa v. Vose, C.A.
No. 93-599L-TMB (D.R.I. filed Oct. 26, 1993); Figueroa v. Vose, C.A. No. 93-592L (D.R.I.
filed Oct. 20, 1993); Figueroa v. Vose, C.A. No. 92-629RWL (D.R.I. filed Nov. 18, 1992);
Figueroa v. Vose, C.A. No. 92-165TMB (D.R.I. filed Mar. 25, 1992).  One of these complaints
was dismissed because of Plaintiff's failure to prosecute.  See Figueroa v. Vose, C.A. No. 97-
693ML (D.R.I. filed Dec. 12, 1997).

2

February 2, 2005, Plaintiff notified the Court that he was still unable to pay for his transportation costs, however he believed that he would be transported to Rhode Island on April 4, 2005 to argue another matter he had pending before Rhode Island Supreme Court. Based on Plaintiff's assertions, this Court postponed the impanelment date until April 19, 2005. At the time the Court granted Plaintiff's request for a continuance, the Court reminded Plaintiff that he remained responsible for making arrangements to attend impanelment and trial. Plaintiff sought another continuance by letter dated April 14, 2005, and the Court again granted his request, setting a new impanelment date of May 17, 2005. At that time, the Court warned Plaintiff that his failure to appear on the impanelment date could result in a dismissal of the action with prejudice.

In anticipation of the May impanelment date and at Plaintiff's behest, counsel for Defendants contacted a relative of the Plaintiff in order to determine whether Plaintiff's family would fund his transportation expenses. However, after a number of conversations, the relative told counsel that Plaintiff's family was unable to provide the entire amount necessary to bring Plaintiff to Rhode Island.

Plaintiff failed to appear in court for impanelment on May 17th. As a result of his failure to attend, the impanelment was cancelled and the summoned venire was discharged. Defendants then filed the present motion to dismiss on the grounds that Plaintiff's failure to attend the impanelment constitutes a failure to prosecute this matter. Thereafter, the Court held a hearing on Defendants' motion with Plaintiff in attendance via telephone. During the hearing, in an attempt to assist Plaintiff, the Court again offered to conduct the trial over the telephone if

3

Plaintiff chose to waive his right to a jury. Plaintiff rejected the Court's suggestions and acknowledged that he would not be able to come up with the sum necessary for transportation in the future.

## II. DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides that if a plaintiff fails to "prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Fed. R. Civ. P. 41(b). A court has "the authority to dismiss a case with prejudice for want of prosecution [because] this power is necessary to prevent undue delays in the disposition of pending cases, docket congestions, and the possibility of harassment of a defendant." Zavala Santiago v. Gonzalez Rivera, 553 F.2d 710, 712 (1st Cir. 1977); see also Link v. Wabash R. Co., 370 U.S. 626, 638, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). In particular, "[r]epeated disobedience of a scheduling order is inherently prejudicial, because disruption of the court's schedule and the preparation of other parties nearly always results." Robson v. Hallenbeck, 81 F.3d 1, 4 (1st Cir. 1996). In dismissing a complaint for failure to prosecute, the Court may consider, among other factors, "the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness *vel non* of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions." Id. at 2. While dismissal for failure to prosecute is a "severe sanction" that is to be used only when misconduct is "extreme," Chamorro v. Puerto Rican Cars, Inc., 304 F.3d 1, 4 (1st Cir. 2002), courts have not hesitated to dismiss suits for want

of prosecution in appropriate cases. See, e.g., id. at 4-7; Medeiros v. U.S., 621 F.2d 468, 470 (1st

Cir. 1980).

    The travel of this case leads this Court to the conclusion that dismissal is in order.

Plaintiff failed to appear at jury impanelment even after the Court continued the date of

impanelment at his request on two prior occasions.  Plaintiff contends that because he is unable

to fund his own transportation costs, these costs should be borne by Defendants.  While 28

U.S.C. § 1915(a) allows federal courts, in certain instances, to waive prepayment of court costs

for indigent civil litigants, this statute does not provide for any affirmative expenditure of public

funds.  Barcelo v. Brown, 655 F.2d 458, 462 (1st Cir. 1981); Manning v. Tefft, 839 F.Supp. 126,

129 (D.R.I. 1994).  Therefore, this Court has held that "generally speaking, a prisoner who is a

plaintiff in a civil case must bear the cost of transporting himself to the place of trial and is not

entitled to have that cost paid by the government." Manning, 839 F.Supp. at 130.  One exception

to this rule may exist where an incarcerated plaintiff is transferred to an out-of-state facility by

the defendants in order to prevent him from pursuing his claim, see id., but that exception does

not apply here.  RIDOC transferred Plaintiff from Rhode Island to a correctional facility in

Virginia, but did so at Plaintiff's request.  Although Plaintiff argues that he was relocated against

his will as he asked to be transferred to a facility outside of Rhode Island but not specifically one

in Virginia, his agreement with RIDOC, as documented by the stipulation entered in Figueroa v.

Vose, C.A. No. 97-547H (D.R.I. filed Sept. 23, 1997), does not exclude his placement in a

Virginia facility.

5

Furthermore, dismissal is the only appropriate sanction under these circumstances. Cf. Burns v. Glick, 158 F.R.D. 354, 356 (E.D. Pa. 1994) (dismissing a complaint filed by a *pro se* indigent prisoner for failure to prosecute because other sanctions, such as assessing costs or fees against the prisoner, would be ineffective). The Court has accorded Plaintiff great leeway because of his indigent incarcerated status and has sought to assist him in every possible way to insure that his case will be tried. The Court continued the impanelment date twice at Plaintiff's request in an effort to accommodate his schedule, but to no avail. Any additional attempts to reschedule the impanelment inevitably will be futile as well; there is no reason to believe that Plaintiff will ever appear in Rhode Island as he has been and continues to be incapable of paying for his transportation expenses to and from the courthouse. Moreover, on multiple occasions, the Court offered to conduct the trial via telephone so that Plaintiff need not travel to Rhode Island, provided that Plaintiff agree to waive his right to a jury trial. Plaintiff, though, refuses to waive this right, and the Court sees no other way to assist him in getting his day in court.

It is unfair to continue burdening both Defendants and the Court with any further postponements of impanelment and trial. The Court acknowledges that Plaintiff is *pro se*, incarcerated, and indigent. However, in circumstances such as these, where a civil plaintiff both refuses to pay for his own transportation costs in order to attend trial and refuses reasonable alternatives that would allow for a trial to occur even in his physical absence, the Court finds that a dismissal of the complaint for failure to prosecute is the appropriate sanction.

6

## III. CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss is GRANTED.


SO ORDERED.



*Mary M. Lisi*
Mary M. Lisi
United States District Judge
August  //  , 2005